

RECEIVED
SEP 29 2014
U.S.D.C.
WP

14CV7894 Page 2

~&AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |  |
|---|---|---|
| Name (under which you were convicted):<br><br>FELIX SORIANO GUERRERO |  | Docket or Case No.:<br>IND. NO. 5934 |
| Place of Confinement :<br><br>FIVE POINTS CORRECTIONAL FACILITY |  | Prisoner No.:<br>06A5082 |
| Petitioner (include the name under which you were convicted)<br><br>FELIX SORIANO GUERRERO | Respondent (authorized person having custody of petitioner)<br>v.<br>MICHEAL SHEEHAN<br>SUPERINTENDENT<br>FIVE POINTS CORR. FAC. | |
| The Attorney General of the State of | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   SUPREME COURT, STATE OF NEW YORK, NEW YORK COUNTY

   (b) Criminal docket or case number (if you know): IND. NO. 5934

2. (a) Date of the judgment of conviction (if you know): SEPTEMBER 11, 2006

   (b) Date of sentencing: SEPTEMBER 11, 2006

3. Length of sentence: 19 YEARS TO LIFE

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: INTENTIONAL MURDER (PENAL LAW § 125.25)

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☒ (2) Guilty ☐ (4) Insanity plea

SEP 29 2014
PRO SE OFFICE

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   APPELLATE DIVISION, FIRST DEPARTMENT

(b) Docket or case number (if you know):   45 A.D.3D 313

(c) Result:   CONVICTION AFFIRMED

(d) Date of result (if you know):   NOVEMBER 8, 2007

(e) Citation to the case (if you know):   45 A.D.3D 313

(f) Grounds raised:   THAT THE SENTENCE WAS UNDULY HARSH AND EXCESSIVE
AND THE MANDATORY SURCHARGE AND CRIME VICTIM FEE UNLAWFUL

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   NEW YORK COURT OF APPEALS

(2) Docket or case number (if you know):   45 A.D.3D 313

(3) Result:   LEAVE TO APPEAL WAS GRANTED

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know):   12 N.Y.3D 45

(6) Grounds raised:   CHALLENGE TO MANDATORY SURCHARGE AND CRIME

VICTIM FEES

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   SUPREME COURT, NEW YORK COUNTY

(2) Docket or case number (if you know):

(3) Date of filing (if you know):   DECEMBER, 2009

(4) Nature of the proceeding:   CPL § 440.10 MOTION

(5) Grounds raised:   THAT THE PRESENCE REPORT CONTAINED
THAT THE PRESENTENCE REPORT CONTAINED INADMISSIBLE HEARSAY
THAT VIOLATED PETITIONER'S RIGHT TO CONFRONTATION

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   MOTION DENIED

(8) Date of result (if you know):   FEBRUARY 11, 2010

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   SUPREME COURT, NEW YORK COUNTY

(2) Docket or case number (if you know):

(3) Date of filing (if you know):   OCTOBER 5, 2010

(4) Nature of the proceeding:   CPL § 440.10 MOTION TO VACATE

(5) Grounds raised:   THAT COUNSEL'S FAILURE TO INFORM PETITIONER OF THE DEPORTATION CONSEQUENCES OF HIS GUILTY PLEA DEPRIVED PETITIONER OF EFFECTIVE REPRESENTATION

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   MOTION WAS DENIED

(8) Date of result (if you know):   FEBRUARY 24, 2011

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   SUPREME COURT, NEW YORK COUNTY

(2) Docket or case number (if you know):

(3) Date of filing (if you know):   AUGUST 18, 2013

(4) Nature of the proceeding:   CPL § 440.10 MOTION TO VACATE

(5) Grounds raised:   THAT COUNSEL'S REPRESENTATION, IN CONNECTION WITH PETITIONER'S GUILTY PLEA, WAS INEFFECTIVE INASMUCH AS HE FAILED TO INFORM PETITIONER THAT THERE WERE OTHER DEFENSES AVAILABLE OTHER THAN A PSYCHIATRIC DEFENSE

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   MOTION DENIED

(8) Date of result (if you know):   JANUARY 23, 2014

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I DID NOT APPEAL THE FIRST TWO MOTIONS BECAUSE I WAS NOT REPRESENTED BY COUNSEL AND WAS NEVER INFORMED THAT I HAD THE RIGHT TO APPEAL

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PROCEEDINGS WHERE MY ATTORNEY FAILED TO INFORM ME THAT THERE WERE OTHER DEFENSES AVAILABLE OTHER THAN A PSYCHIATRIC DEFENSE

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

(c)    Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    RAISED THE ISSUE IN A
POST-CONVICTION MOTION

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    CPL § 440.10 MOTION

Name and location of the court where the motion or petition was filed:

SUPREME COURT, NEW YORK COUNTY

Docket or case number (if you know):

Date of the court's decision:    JANUARY 23, 2014

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No
(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

I ASKED THE APPELLATE DIVISION FOR LEAVE TO APPEAL, BUT
LEAVE TO APPEAL WAS DENIED
Docket or case number (if you know):

Date of the court's decision:    AUGUST 14, 2014

Result    LEAVE TO APPEAL WAS DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐   Yes   ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☐   Yes   ☐   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☐   Yes   ☐   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

Form AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:    THEODORE M. HERLICH
299 BROADWAY, SUITE 1808
NEW YORK, NY 10007

(c) At trial:

(d) At sentencing:    (SAME AS ABOVE)

(e) On appeal:    WILLAIM A. LOEB, CENTER FOR APPELLATE LITIGATION

(f) In any post-conviction proceeding:    NO ATTORNEY APPOINTED

(g) On appeal from any ruling against you in a post-conviction proceeding:

NO ATTORNEY APPOINTED

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

PETITIONER'S HABEAS PETITION IS TIMELY. THE COURT OF
APPEALS DISPOSED OF PETITIONER'S DIRECT APPEAL ON FEBRUARY 18,
2009, AND HIS CONVICTION BECAME FINAL 90 DAYS LATER ON MAY 18,
2009. ON NOVEMBER 4, 2009, PETITIONER FILED HIS FIRST CPL §
440.10 MOTION. THE MOTION WAS DENIED ON FEBRUARY 11, 2010.
HOWEVER, THE TIME TO APPEAL FROM THAT ORDER HAD NEVER BEGUN
BECAUSE THE PEOPLE NEVER SERVED PETITIONER WITH A COPY OF THE
ORDER DENYING HIS CPL § 440.10 MOTION. SEE PEOPLE V. WALKER,
237 A.D.2D 726 (3D DEPT. 1997); CPL § 460.10(4)(A). NEITHER
DID THE PEOPLE SERVE PETITIONER WITH A COPY OF THE ORDER DENYING
HIS SECOND CPL § 440.10 MOTION, WHICH WAS HANDED DOWN ON
FEBRUARY 24, 2011. PLAINLY, THE TIME TO APPEAL FROM THOSE
ORDERS NEVER BEGAN TO RUN, AND AEDPA'S ONE-YEAR LIMITATIONS
PERIOD WAS STEADILY TOLLED. THE PEOPLE, HOWEVER, DID SERVE
PETITIONER WITH A COPY OF THE ORDER DENYING HIS THIRD CPL §
440.10 MOTION, AND PETITIONER IN FACT SOUGHT LEAVE TO APPEAL
FROM THE DENIAL OF THAT MOTION. ON AUGUST 14, 2014, LEAVE TO
APPEAL WAS DENIED, IN SUM, PETITIONER HAD NEARLY SIX MONTHS
LEFT ON THE HABEAS-CLOCK WHEN HE FILED THE INSTANT PETITION.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

VACATE PETITIONER'S GUILTY PLEA

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   9/23/2014   (month, date, year).

Executed (signed) on   9/23/2014   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

defendant's claim implicates only the validity of his sentence, and not the underlying judgment or conviction. In addition, CPL 440.10(2)(c) mandates that a court "must" deny a CPL 440.10 motion when "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgement, adequate review of the ground or issue raised upon the motion, [and] no such appellate review or determination occurred owing to the defendant's. . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." As stated, defendant appealed his case to the Appellate Division and Court of Appeals without raising his current issue, notwithstanding its appearance in the record of the proceedings in his case. Finally, defendant's current claim is procedurally barred for yet another reason, his two express waivers, at the time of his guilty plea, of his constitutional right to confront witnesses (Plea Minutes pp. 4, 7).

Even if the Court were to consider defendant's claim – as a CPL 440.10 motion to vacate judgment or a CPL 440.20 motion to vacate sentence – it would find it meritless. While defendant claims that the Court "utilized" the pre-sentence report, he also acknowledges that at sentencing, "the defendant received the exact sentence for which of [sic] he bargain[e]d, and an extremely lenient sentence at that given the brutal nature of his crime" (Defendant's Motion p. 11). In other words, at his guilty plea, defendant negotiated a sentence of 19 years to life, and that is precisely what he received, without evident reliance on the pre-sentence report prepared by the Department of Probation. In fact, in quoting from the sentence minutes (Defendant's Motion p. 6), defendant points only to comments by the Court which focus on another pre-sentence report submitted by the defense itself.

Finally, even if the Court's imposition of the exact sentence defendant negotiated had somehow been influenced by the Department of Probation's pre-sentence report, there was no confrontation clause violation. "As the Supreme Court has written, '[t]he right [of] confrontation is basically a trial right.'" People v. Brink, 31 AD3d 1139 (4th Dept.), lv. den. 7 NY3d 865 (2006)(citations omitted)(Crawford inapplicable to suppression hearings); accord People v. Leon, 10 NY3d 122 (2008)(defendant not entitled to confront fingerprint comparison expert at predicate felon sentencing proceeding because "we read Crawford, as do the Circuit Courts of Appeals to have considered the question, as addressing '[b]y its own terms' testimonial hearsay at trial" (citations omitted; emphasis in original); see also People v. Mingo, 12 NY3d 563, 573, 575 (2009)("reliable hearsay" in pre-sentence reports admissible at SORA assessment proceedings).

In sum, defendant's complaint is procedurally barred and without merit. The motion to vacate judgment is denied.

This opinion is the decision and order of the Court.

Dated:  New York, New York
        February 11, 2010

FEB 1 6 2010

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

_____
J.S.C.
HON. MICHAEL J. OBUS

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 51
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE PEOPLE OF THE STATE OF NEW YORK,     :

        - against -              :     <u>DECISION AND ORDER</u>

FELIX SORIANO GUERRERO,        :     Ind. No. 5934/05

                 Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL OBUS, J.:

By decision and order dated February 11, 2010, this Court denied defendant's <u>pro se</u> motion to vacate judgment pursuant to CPL 440.10.  On February 23, 2010, the Court received a document from defendant entitled a "reply."  Because the Court has already decided defendant's motion, it will deem his reply a motion to re-argue and consider the merits of its contents.  Upon such re-consideration, however, the Court adheres to its decision denying the motion to vacate judgment.

In his reply, defendant argues that his failure to raise his confrontation claim pursuant to <u>Melendez-Diaz</u> v. <u>Massachusetts</u>, __ US __, 129 S Ct 2527 (2009), and <u>Crawford</u> v. <u>Washington</u>, 541 US 36 (2004), on appeal was justifiable because those cases had not yet been decided.  However, <u>Crawford</u> and its progeny have been ruled non-retroactive because they did not announce a "watershed" rule of criminal procedure.  <u>Whorton</u> v. <u>BockIting</u> 549 US 406 (2007); <u>see</u> <u>Teague</u> v. <u>Lane</u>, 489 US 288 (1989); <u>People</u> v. <u>Eastman</u>, 85 NY2d 265 (1995).  Accordingly, defendant should have preserved the purported error of which he currently complains by raising it at sentencing, and then raised it on his direct appeal.

Defendant's remaining argument is denied for the reasons stated in the Court's prior decision.

This opinion is the decision and order of the Court.

Dated:  New York, New York
       February 11, 2010

DATE FEB 25 2010
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

_____
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 51
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE PEOPLE OF THE STATE OF NEW YORK,                    :

                    - against -                        :        DECISION AND ORDER

FELIX SORIANO GUERRERO,                                :        Ind. No. 5934/05
                              Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL OBUS, J.:

     Defendant's motion, pursuant to CPL § 440.10, to vacate the judgment is denied.

     On April 9, 1998, defendant's estranged wife was murdered when her throat was

slashed, resulting in a six inch deep wound that sliced through her trachea, thyroid

glands and neck muscles. The next morning, defendant collected some money from an

employer and returned to his native country, Mexico. Seven years later, in October,

2005, a detective from the NYPD Cold Case Squad ran a computer check and

discovered that defendant had attempted to re-enter the United States illegally and was

in immigration custody in Arizona, awaiting deportation. The detective went to Arizona

to interview him and, after Miranda warnings, defendant stated that on the night that

she died, he and his wife had fought and she cut her own throat as they struggled.

Thereafter, an arrest warrant was issued, defendant was extradited back to New York

and he was indicted for murder in the second degree, Penal Law §125.25(1).

     On July 20, 2006, defendant pleaded guilty to murder in the second degree with

the understanding that he would receive an indeterminate term of imprisonment of

nineteen years to life. On September 11, 2006, defendant was sentenced in

accordance with the plea agreement. Defendant had waived his right to appeal but he

appealed nonetheless, claiming that his sentence was excessive and the mandated

surcharges could not be imposed because the court did not state on the record at sentence that they were imposed. Both claims were rejected by the Appellate Division and the Court of Appeals ultimately rejected defendant's surcharge claim as well. People v. Guerrero, 45 AD3d 313 (1st Dept 2007), aff'd 12 NY3d 45 (2009). In December, 2009, defendant filed a pro se motion to vacate the judgment in this case claiming, pursuant to Melendez-Diaz v. Massachusetts, __ US __, 129 S Ct 2527(2009), and Crawford v. Washington, 541 US 36 (2004), that he was denied his constitutional right to confrontation when the sentencing court relied upon "testimonial" hearsay in the pre-sentence report before pronouncing the agreed upon sentence. On February 11, 2010, defendant's motion was denied, not only because it was procedurally barred by CPL 440.10(2)(c), but also because it was meritless.

Defendant now files another pro se motion pursuant to 440.10, seeking to vacate the judgment.  Defendant argues that under Padilla v. Kentucky, __ US __, 130 S Ct 1473 (2010), he received ineffective assistance of counsel in that his attorney either misinformed him or failed to inform him of the immigration consequences of this conviction when he pleaded guilty in 2006 to murder in the second degree. The People oppose defendant's motion, arguing that it should be denied on procedural grounds pursuant to CPL §440.30(4)(d) and on its merits.

Pursuant to CPL § 440.30(4)(d), this court may deny a motion to vacate judgment when:

> An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.

2

Here, defendant's claim is contradicted by both the official court record of the plea proceeding and the affidavit of his former attorney, submitted as an exhibit by the Assistant District Attorney.

The colloquy from defendant's July 20, 2006, plea includes the following:

> The Court: And you understand as well that I have no control over what the federal immigration authorities may do as a result of this conviction, that will be a separate matter. I can only make a promise as to the sentence itself. Do you understand that?
> The Defendant: Of course.

In his affidavit, defendant's former attorney states, in pertinent part:

> (2) During the course of my representation of the defendant, I never told him that his prospective entry of a plea of guilty to Penal Law 125.25 would have no adverse immigration consequences.
> (3) All parties involved in the . . . criminal action were aware that the defendant illegally entered the United States from Mexico at some time prior to October 31, 2005.
> (4) I do not recall whether I discussed with the defendant the specific immigration consequences of defendant's prospective plea of guilty to Penal Law 125.25. However, I believe it was clear to all parties to the . . . criminal action that defendant was subject to deportation based solely on his illegal entry into the United States from Mexico in October, 2005, independent of the fact that he was the subject of an arrest warrant for the murder of his wife in New York City.

Although defendant's contentions are contradicted by both documentary evidence and the affidavit of his former attorney, and his motion may be denied on these grounds alone, were this court to consider the motion on the merits, it would reject defendant's arguments as follows.

The law in the area of ineffective assistance of counsel is clear. Under the United States Supreme Court decision in Strickland v. Washington, 466 US 668, 686-687 (1984), in order to prevail on such a claim, a defendant must demonstrate that his attorney's performance was deficient and that this deficiency prejudiced the defense.

3

Thus, under the <u>Strickland</u> test, a defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Under New York's Court of Appeals decisions, the standard, sometimes referred to as the <u>Baldi</u> test, is somewhat different. New York holds that "[s]o long as the evidence, the law and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." <u>People v. Baldi</u>, 54 NY2d 137, 147 (1981); <i>see also</i> <u>People v. Caban</u>, 5 NY3d 143, 152 (2005); <u>People v. Ozuna</u>, 7 NY3d 913 (2006).   Under either standard, defendant's claim must fail.

In analyzing a claim of ineffective assistance of counsel, certain well established principles must be kept in mind.  Disagreement with an attorney's tactics or strategies is not the test of ineffectiveness.  <u>People v. Flores</u>, 84 NY2d 184, 187 (1994).   As our Court of Appeals has held, "[a]s long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance." <u>People v. Benevento</u>, 91 NY2d 708, 713 (1998).

Applying the <u>Strickland</u> test to the facts of this case, defendant has failed to show that his attorney's performance was deficient. In fact, defendant's claim of ineffective assistance of counsel is belied by the record which reveals that his attorney vigorously represented him throughout. Among other things, he filed pre-trial motions to suppress evidence and investigated the possibility of a psychiatric defense. Defense counsel had defendant examined by a psychiatrist who reported that defendant

4

suffered from post traumatic stress disorder and major depressive disorder with anxious features.  While defendant's diagnosis did not rise to the level of a psychiatric defense, it nonetheless presented a degree of mitigation that enabled counsel, in the face of overwhelming evidence of a horrific crime,  to negotiate a sentence that was well below the maximum, in the low, mid-range of the sentencing spectrum confronting the defendant. Moreover, along with the Department of Probation's pre-sentence report, defendant's attorney had a detailed sentencing memorandum prepared, which was reviewed by the court and sent to State prison to be part of defendant's file.

Defendant has also failed to demonstrate that he suffered any prejudice as a result of the plea agreement. Although defendant asserts that his attorney either failed to advise him, or misadvised him, with respect to the immigration consequences of his guilty plea, defendant ignores that, long before his plea, he was  already in immigration custody in Arizona, awaiting deportation for having illegally entered the United States. This fact distinguishes defendant's situation from the circumstances in the Padilla case upon which he relies.

In Padilla, defendant was a permanent resident alien of the United States for more than forty years and was completely unaware that deportation was a  possible consequence of his conviction. In fact, he was affirmatively misadvised by his attorney that "he did not have to worry about his immigration status since he had been in the country so long." Padilla v. Kentucky, supra, at 1478. Therefore, applying the Strickland test, the Supreme Court held that Padilla had received ineffective assistance of counsel in that his attorney "provided him false assurance that his conviction would not result in his removal from this country, " Id. at 1483, advice that was clearly and completely

5

incorrect and, therefore, fell below the standard for prevailing professional norms.

In contrast, defendant herein entered the country illegally, was already in immigration custody at the time of his arrest and was well aware of the fact of his pending deportation, irrespective of the outcome of this criminal proceeding. Indeed, at the time of his plea, this defendant stated "Of course" when the court informed him that it had "no control over what the immigration authorities may do . . .." Indeed, the only effect that defendant's conviction has had with respect to his deportation is that it has delayed the inevitable.

Finally, as defendant was already subject to deportation before his plea, any issue regarding the retroactive application of <u>Padilla</u> need not be addressed here.

Defendant's claim of ineffective assistance of counsel is directly contradicted by the official court record, is unsupported by any evidence and is contradicted by the affidavit of his former attorney. There is no reasonable possibility that defendant's allegation is true. Defendant has failed to demonstrate that his attorney's performance was deficient, that he was in any way prejudiced by counsel's actions or that under the totality of the circumstances he did not receive meaningful representation. CPL § 440.30(4)(d); <u>Strickland v. Washington</u>, <u>supra</u>; <u>People v. Baldi</u>, <u>supra</u>.

Accordingly, defendant's motion is denied.

This opinion is the decision and order of the Court.

Dated: February 24, 2011

_____
HON. MICHAEL J. OBUS                    J.S.C.

FEB 2 8 2011

I hereby certify that the foregoing
notice is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court, New York County
OFFICIAL USE

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 51
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE PEOPLE OF THE STATE OF NEW YORK,                     :

       - against -                                               :          DECISION AND ORDER

FELIX SORRIANO GUERRERO,                                  :
                      Defendant.          :          Ind. No. 5934 /05
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL OBUS, J.:

        Defendant's pro se motion, pursuant to CPL § 440.10, to vacate the judgment is denied.

        On April 9, 1998, defendant murdered his estranged wife by slashing her throat, causing a six inch deep wound that sliced through her trachea, thyroid glands and neck muscles. The next morning, defendant fled to his native country, Mexico. Seven years later, in October of 2005, a detective from the NYPD Cold Case Squad discovered that defendant had attempted to re-enter the United States illegally and was in immigration custody in Arizona, awaiting deportation. The detective went to Arizona to interview him and, after Miranda warnings, defendant stated that on the night that she died, he and his wife had fought and she cut her own throat as they struggled. Thereafter, an arrest warrant was issued, defendant was extradited back to New York, he was indicted and, on July 20, 2006, defendant pled guilty to the only count in the indictment, murder in the second degree, PL § 125.25(1). On September 11, 2006, the Court sentenced him in accordance with the plea agreement to an indeterminate term of imprisonment of nineteen years to life and imposed the required mandatory surcharge of $150 and a $2 crime victim's assistance fee. Defendant waived his right to appeal but, nonetheless appealed, claiming that his sentence was excessive and the mandated surcharges could not be imposed because the Court did not state on the record at sentence that they were imposed. Both claims were rejected by the Appellate Division and the Court of Appeals ultimately rejected defendant's surcharge claim as well. People v. Guerrero, 45 AD3d 313 (1ˢᵗ Dept 2007), aff'd 12 NY3d 45 (2009).

        Defendant has previously filed a number of post judgment motions. In December 2009, defendant filed his first pro se motion, claiming that, pursuant to Melendez-Diaz v.

Massachusetts, 557 US 305 (2009), and Crawford v. Washington, 541 US 36 (2004), he was denied his constitutional right to confrontation when the sentencing court relied upon "testimonial" hearsay in the pre-sentence report before pronouncing the agreed upon sentence. On February 11, 2010, defendant's motion was denied, not only because it was procedurally barred by CPL §440.10(2)(c), but also because it was meritless.

In October, 2010, defendant filed his second pro se motion pursuant to CPL § 440.10, seeking to vacate the judgment of conviction against him. Defendant argued that under Padilla v. Kentucky, 559 US 356 (2010), he received ineffective assistance of counsel because his attorney either misinformed him or failed to inform him of the immigration consequences of his conviction when he pled guilty in 2006 to murder in the second degree. On February 24, 2011, the motion was denied both on its merits, as Padilla was inapplicable since defendant was already subject to deportation based upon his illegal entry into the United States, and on procedural grounds pursuant to CPL § 440.30(4)(d).

Defendant now files his third pro se motion pursuant to CPL § 440.10, this time claiming ineffective assistance of counsel based on counsel's purported failure to inform defendant that, had he gone to trial, there was a possibility that he might have been convicted of a lesser included offense rather than intentional homicide. Defendant opines that, "given the facts, it was well within the realm of probabilities that jurors would convict me of manslaughter." Further, defendant perceives a number of errors on the part of his former attorney and visits the notion that there were "other possible defenses" that counsel should have spoken to him about but "for reasons unbeknownst to me, counsel abandoned his duty to confer thoroughly with [him] . . .." Defendant complains that, having pled to the top count of the indictment, murder in the second degree, he did not get a "deal" and he states that since he was unaware of the "many options" available to him if he elected to go to trial, his plea was "unintelligent."

As with defendant's prior motions pursuant to CPL § 440.10, his latest claim of ineffective assistance of counsel, again submitted without an affirmation from counsel or any explanation for its absence, see, People v. Morales, 58 NY2d 1008 (1983); People v. Chen, 293 AD2d 362 (1st Dept), lv denied 98 NY2d 696 (2002); People v. Johnson, 292

2

AD2d 294 (1st Dept), lv denied, 98 NY2d 698 (2002); People v. Palma, 224 AD2d 363 (1st Dept ), lv denied, 85 NY2d 981 (1995), is procedurally barred. Pursuant to CPL § 440.10(3)(c), the Court may deny a motion to vacate a judgment when defendant has previously made such a motion and was in a position to adequately raise the issue presently raised, but did not. Additionally, pursuant to CPL§ 440.30(4)(d), the Court may deny a motion to vacate a judgment when an allegation of fact essential to support the motion is contradicted by the Court record or is made solely by the defendant and is unsupported by any other evidence and, under these and all the other circumstances of the case, there is no reasonable possibility that defendant's allegation is true. Here, not only has defendant filed two prior motions to vacate the judgment but he has also unsuccessfully argued that his attorney was ineffective, although for different reasons. In any event, were the Court to ignore the procedural bars to defendant's third 440.10 motion and contrary to the arguments that he puts forth in his reply brief, it would still find the motion meritless.

The United States Supreme Court has held that in order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his attorney's performance was deficient and that defendant was prejudiced by this deficiency. Strickland v. Washington, 466 US 668 (1984) Thus, under the Strickland test, a defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 686-687. The New York standard, however, known as the Baldi test, holds that "[s]o long as the evidence, the law and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." People v. Baldi, 54 NY2d 137, 147 (1981); see also People v. Caban, 5 NY3d 143, 52 (2005); People v. Ozuna, 7 NY3d 913 (2006). Under either standard, defendant's claim must fail.

A retrospective disagreement with an attorney's tactics or strategies is not the test of ineffectiveness. People v. Flores, 84 NY2d 184, 187 (1994). Indeed, "[a]s long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective

3

assistance." <u>People v. Benevento</u>, 91 NY2d 708, 713 (1998). Therefore, if a defendant cannot demonstrate the absence of strategy, "it will be presumed that counsel acted in a competent manner and exercised  professional judgment." People v. Rivera, 71 NY2d 705, 709 (1988).

Applying the <u>Strickland</u> test to the facts of this case, defendant has failed to show that his attorney's performance was deficient. In fact, defendant's claim of ineffective assistance of counsel is belied by the record which reveals that his attorney vigorously represented him throughout. Defense counsel, an experienced practitioner, investigated the possibility of a psychiatric defense by having defendant examined by a psychiatrist who reported that, while defendant's diagnosis did not rise to the level of a psychiatric defense, he suffered from post traumatic stress disorder and major depressive disorder with anxious features. This presented a degree of mitigation that enabled counsel, in the face of overwhelming evidence of a horrific crime, to negotiate a sentence that was less than the People were recommending, well below the maximum, and only four years over defendant's minimum exposure if convicted after trial. Therefore, contrary to what defendant believes, under the circumstances presented here, nineteen years <u>is</u> a considerable "deal."

Moreover, as there was virtually conclusive evidence of defendant's guilt, including his own statements regarding the crime, the notion that defendant had "many options" that were not discussed with him is unrealistic and, again, contradicted by the record. The Court's comprehensive and thorough plea allocution repeatedly made clear exactly what defendant was giving up by not going to trial. The record further reveals that all of defendant's questions were answered and he was asked repeatedly if he understood and if he needed to consult further with his attorney. The record demonstrates not only that defendant, himself, repeatedly stated that he understood his allocution and the proceedings "perfectly",  but also that defense counsel and his client had spoken sufficiently about the plea and that defendant well understood its consequences. The Court further notes that  "trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea", <u>People v. Moissett</u>, 76 NY2d 909 (1990), and, here, "[d]efendant explicitly admitted his guilt of all requisite elements <u>including intent</u>." <u>People</u> v. <u>Kennedy</u> Howe, 82 AD3d 407 (1st Dept),

lv denied 16 NY3d 859 (2011)(Emphasis added). Indeed, the Court's final statement on the subject was, "**I am satisfied as well, sir, that you do understand your rights in this regard and your choice and your alternatives. I am sure that you would prefer to have some other alternatives but given the choice of either going to trial and dealing with the risk of being convicted after trial and a greater sentence, as opposed to the certainty of this disposition with the sentence promise that the Court has made, I believe that you are making a knowing, inteligent and voluntary decision to resolve the case this way . . .."** (Emphasis added).

Defendant has also failed to demonstrate that he suffered any prejudice as a result of the plea agreement. Although defendant asserts that his attorney either failed to advise him, or misadvised him, with respect to any other possible options and regarding the possible submission to the jury of a lesser included offense, in truth, as the Court stated during the plea, defendant's options were extremely limited and the notion that the Court would necessarily have submitted any lesser included charge to the jury is purely speculative. Under such circumstances, defense "[c]ounsel cannot be expected to create a defense when it does not exist." People v. DeFereitas, 213 AD2d 96, 101(1995), lv denied 86 NY2d 872 (1995).

Defendant has failed to demonstrate that his attorney's performance was deficient, that he was in any way prejudiced by counsel's actions or that under the totality of the circumstances he did not receive meaningful representation. CPL § 440.30(4)(d); Strickland v. Washington, supra; People v. Baldi, supra. Therefore, the Court declines to hold a hearing in this matter, CPL § 440.30(4)(a), or appoint counsel to represent defendant on the present motion. Pennsylvania v. Finley, 481 US 551 (1987).

For the foregoing reasons, defendant's motion is denied.

This shall constitute the decision and order of the Court.

Dated: January 23, 2014

DATE JAN 2 7 2014
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

HON. MICHAEL J. OBUS                    J.S.C.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

5

STATE OF NEW YORK
APPELLATE DIVISION : FIRST DEPARTMENT

BEFORE: Hon. David B. Saxe
        Justice of the Appellate Division

-------------------------------------------X

The People of the State of New York,                M-2820
                                                    New York Co.
                                                    Indictment Nos.
                                                    5934/05

                -against-                           CERTIFICATE
                                                    DENYING LEAVE

Felix Sorriano Guerrero,
a/k/a Felix Soriano Guerrero,

                        Defendant.
-------------------------------------------X

        I, David B. Saxe, a Justice of the Appellate Division, First

Judicial Department, do hereby certify that, upon application

timely made by the above-named defendant for a certificate

pursuant to Criminal Procedure Law section 460.15, and upon the

record and proceedings herein, there is no question of law or

fact presented which ought to be reviewed by the Appellate

Division, First Judicial Department, and permission to appeal

from the order of the Supreme Court, New York County, entered on

or about January 23, 2014, is hereby denied.

Dated:   AUG 1 4 2014
        New York, New York


                                    _____
                                    Justice of the Appellate Division


ENTERED   AUG 1 4 2014